UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4890

JEROME LUTHER BUNKLEY, a/k/a
Devante Ward,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-98-1219)

Submitted: June 27, 2000

Decided: September 15, 2000

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas P. Gressette, Jr., Assistant Federal Public Defender, Florence,
South Carolina. J. Rene Josey, United States Attorney, Eric Wm.
Ruschky, Assistant United States Attorney, Columbia, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Jerome Luther Bunkley was convicted of counterfeiting Federal Reserve Notes (FRNs), in violation of 18 U.S.C.A.§ 471 (West Supp. 2000), and transferring FRNs, in violation of 18 U.S.C.A. § 473 (West Supp. 2000). Bunkley received a 78-month sentence. He now appeals, claiming that the indictment was constructively amended and raising two sentencing errors. Finding no error, we affirm.

The indictment charged that the offenses occurred in the District of South Carolina. In its charge to the jury, the district court did not instruct that the jurors must find that the offenses occurred in South Carolina. Bunkley contends that the indictment was constructively amended by the judge's instructions. Here, the indictment charged Bunkley with counterfeiting and transferring counterfeited FRNs. The challenged instructions alleged the same crime. There was no likelihood that Bunkley was convicted of offenses other than those charged in the indictment, and, therefore, there was no constructive amendment. See United States v. Floresca, 38 F.3d 706, 710-12 (4th Cir. 1994) (en banc).

Bunkley raises two sentencing errors. First, he asserts that the district court improperly increased his offense level to fifteen under U.S. Sentencing Guidelines Manual § 2B5.1(b)(2) (1998). The enhancement "does not apply to persons who merely photocopy notes . . . that are so obviously counterfeit that they are unlikely to be accepted even if subjected to only minimal scrutiny." USSG§ 2B5.1, comment. (n.4). Additionally, possession of counterfeiting devices or producing counterfeit obligations warrants the enhancement because of "the public policy interest in protecting the integrity of government obligations." USSG § 2B5.1, comment. (backg'd).

Bunkley's conviction under § 471 alone should qualify him for the enhancement. Even if it does not, there was also evidence that Bunk-

2

ley had successfully passed counterfeit notes in South Carolina and elsewhere. This strongly suggests that the counterfeit FRNs were more than mere photocopies. Furthermore, the district court personally examined notes that Bunkley had produced and found that they appeared to be genuine. Finally, Bunkley possessed in his motel room instruments of counterfeiting: paper stock; a printer/copier; a computer into which had been scanned one side of a FRN; and a paper cutter. We conclude that the enhancement under USSG§ 2B5.1(b)(2) was proper.

Bunkley's final argument is that he should not have received a two-level increase in his offense level under USSG § 2B5.1(b)(3), which provides for the enhancement if a firearm was possessed in connection with the offense. Agents discovered in Bunkley's motel room a loaded handgun in a dresser drawer with blank check stock. Instruments of counterfeiting were found in the same room. Additionally, Bunkley possessed the firearm in New York, where he produced and/or passed counterfeit money, and when he moved his operation to South Carolina. Under these circumstances, the weapon was present to protect the operation, and there was no error in applying the firearm enhancement. See United States v. Nale, 101 F.3d 1000, 1004 (4th Cir. 1996).*

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*After the formal briefs were filed, Bunkley moved for leave to file a supplemental brief to raise a new issue. Bunkley claims in his motion that the enhancement under USSG § 2B5.1(b)(3) was unconstitutional under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). Apprendi held that any fact that increases the penalty beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. See id. at 2362-63. Because Bunkley's sentence was below the maximum authorized by 18 U.S.C.A. §§ 471, 473, this argument lacks merit, and we deny the motion.

3

e